UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Robert Hugh Wilson, | Case No. 19-CV-1942-SRN-KMM |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Warden Fikes, F.C.I. Sandstone, | |
| Respondent. | |

---

Petitioner Robert Hugh Wilson pleaded guilty in this District to one count of conspiracy to distribute methamphetamine and was sentenced to a 124-month term of imprisonment with five years of supervised release to follow. *See United States v. Wilson*, No. 14-CR-0378-3 (ADM/LIB) (D. Minn.). Mr. Wilson is currently incarcerated at the Federal Correctional Institution at Sandstone, Minnesota, serving the term of imprisonment imposed in that criminal proceeding.

This matter is before the Court on review of Mr. Wilson's petition for a writ of habeas corpus. *See* ECF No. 1. In his petition, Mr. Wilson — invoking the Supreme Court's recent decision in *United States v. Haymond*, 139 S. Ct. 2369 (2019) — challenges the validity of the term of supervised release imposed at sentencing. But *Haymond* concerns the *revocation* of supervised release, not the *imposition* of supervised release. Mr. Wilson's supervised release has not been revoked, and thus his challenge brought under *Haymond* is premature. It should be denied on that basis.

*Haymond* **and 18 U.S.C. §3583(k)**

Revocations of supervised release generally differ from regular criminal prosecutions in at least two critical ways. First, a jury is not required to act as factfinder in determining whether the defendant violated the conditions of his supervised release; this factfinding role may be undertaken by a judge. Second, the judge need not find beyond a reasonable doubt that the conditions of supervised release at issue were violated; the lesser preponderance-of-the-evidence standard suffices. *See Johnson v. United States*, 529 U.S. 694, 700 (2000) ("Although such violations often lead to reimprisonment, the violative conduct need not be criminal and need only be found by a judge under a preponderance of the evidence standard, not by a jury beyond a reasonable doubt.").

Usually, a judge is given a relatively free hand in imposing a term of imprisonment upon revocation of supervised release, cabined only by the maximum terms of imprisonment permitted by § 3583(e)(3), the length of the term of supervised release (which itself usually acts as a maximum permissible sentence upon revocation), and the factors set forth in 18 U.S.C. § 3553(a). However, such flexibility is not universal. For example, under § 3583(k), if a defendant who is required to register under the Sex Offender Registration and Notification Act commits any of several enumerated offenses while on supervised release, the supervised release *must* be revoked, and a term of imprisonment of at least five years, and as much as life, *must* be imposed. Like the other supervised-release provisions, however, § 3583(k) still requires only that the

defendant be found to have committed the enumerated offense at issue by a preponderance of the evidence, and a jury is not required to make that finding.

In June 2019, a divided Supreme Court concluded in *Haymond* that § 3583(k) infringes upon the Fifth and Sixth Amendment rights of the accused. Writing what would become the holding of *Haymond*, Justice Breyer identified three aspects of § 3583(k) that, "considered in combination," made that provision "less like ordinary revocation and more like punishment for a new offense, to which the jury right would typically attach." *Haymond*, 139 S. Ct. at 2386 (J. Breyer, concurring).

> *First*, § 3583(k) applies only when a defendant commits a discrete set of federal criminal offenses specified in the statute. *Second*, § 3583(k) takes away the judge's discretion to decide whether violation of a condition of supervised release should result in imprisonment and for how long. *Third*, § 3583(k) limits the judge's discretion in a particular manner: by imposing a mandatory minimum term of imprisonment of 'not less than 5 years' upon a judge's finding that a defendant has 'commit[ted] any' listed 'criminal offense.'

*Id*. In light of these three factors, Justice Breyer concluded that § 3583(k) violated the constitutional rights of criminal defendants. *Id*. Only upon a finding of a jury, beyond a reasonable doubt, that the defendant had committed one of the enumerated offenses may the term of imprisonment mandated by § 3583(k) be imposed.[1]

---

[1] Four other justices agreed with Justice Breyer that § 3583(k) failed to pass constitutional muster but would have gone further in at least one respect. According to the four justices, "a jury must find any facts that trigger a new mandatory minimum prison term" upon revocation of supervised release. *Id*. at 2380 (emphasis removed). This finding encompassed the conclusion of Justice Breyer that § 3583(k) was unconstitutional as being applied in cases such as that before it. But the finding also — had it been the holding of the Supreme Court in *Haymond* — would presumably have

3

**Mr. Wilson's Petition is Premature**

Mr. Wilson now seeks relief pursuant to *Haymond*. However, his petition is premature. "The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2241(c)(3)). Mr. Wilson is no doubt "in custody" in the colloquial sense — he is incarcerated at a federal prison, after all — but he is not challenging through his habeas petition the basis for that present custody: the term of imprisonment imposed at sentencing.[2]

"In custody" does not necessarily mean "in prison," and restrictions falling short of incarceration are sometimes sufficient to satisfy the "in custody" requirement of § 2241(c). Thus, a person subject to conditions of supervised release remains "in custody" as that phrase has been construed within the context of habeas litigation. *See, e.g.*, *Francis v. Maloney*, 798 F.3d 33, 37 (1st Cir. 2015); *United States v. Dohrmann*, 36 Fed. App'x 879, 880 (9th Cir. 2002) (per curiam). Moreover, a person may in some circumstances challenge through a habeas petition the lawfulness of a custodial

---

extended to any other provisions that, similar to § 3583(k), imposed a mandatory minimum term of imprisonment upon revocation of supervised release without affording to the defendant the right to a hearing before a jury to determine, beyond a reasonable doubt, whether the condition of supervised release at issue had been violated.

[2] Nor could Mr. Wilson challenge the basis for that custody in a habeas proceeding, as 28 U.S.C. § 2255 provides the exclusive procedural avenue for claims attacking the validity of a federal prisoner's sentence, except in the rare cases that § 2255 proves inadequate or ineffective. *See* 28 U.S.C. § 2255.

arrangement that has not yet taken place, at least where that future custody is in fact likely to occur. *See Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 488-89 (1973). The fact that Mr. Wilson's term of supervised release has not yet begun does not, by itself, defeat his effort to procure habeas relief from that term of supervised release. However, he does not seek that relief.

*Haymond* does not concern the circumstances under which supervised release may be imposed. Rather, *Haymond* concerns the sentence that may be imposed when supervised release is revoked (and the procedural safeguards that must be put in place prior to revocation). While it is certain that Mr. Wilson will be on supervised release, there is no reason now to believe that there will be a revocation of his supervision, nor that any hypothetical revocation of Mr. Wilson's supervised release will violate the strictures of *Haymond*.[3]

"[T]he entirely speculative possibility of a future charge for a future violation" is insufficient to satisfy the federal habeas statute's "in custody" requirement. *Vega v. Schneiderman*, 861 F.3d 72, 75 (2d Cir. 2017); *cf. Suarez-Tejeda v. United States*, 85 Fed. App'x 711, 715 (10th Cir. 2004) (holding that "allegations of potential future custody are too attenuated to satisfy the [standing] requirements of Article III."). Mr. Wilson is not now, and may well never be, "in custody" on account of the revocation of his supervised release. Accordingly, any claim under *Haymond* challenging the method

---

[3] Indeed, the formal holding of *Haymond* relates only to revocations under § 3583(k) with its mandatory provisions, and there is no reason in the record before this Court to believe that Mr. Wilson is be subject to § 3583(k) or any similar provision.

in which that supervised release is to be revoked has been brought too soon, and it is recommended that Mr. Wilson's petition for a writ of habeas corpus be dismissed without prejudice for lack of jurisdiction. Mr. Wilson's application to proceed *in forma pauperis* may also be denied, because this action is recommended for dismissal. *See Kruger v. Erickson*, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. The petition for a writ of habeas corpus of petitioner Robert Hugh Wilson [ECF No. 1] be DISMISSED WITHOUT PREJUDICE.

2. Mr. Wilson's application to proceed *in forma pauperis* [ECF No. 2] be DENIED.

Date: August 27, 2019                          *s/Katherine Menendez*
                                               Katherine Menendez
                                               United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).