# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Robert Hugh Wilson, | Case No. 19-CV-1942 (SRN/KMM) |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| v. | |
| Warden Fikes, F.C.I. Sandstone, | |
| Respondent. | |

Robert Hugh Wilson, FCI-Sandstone, P.O. Box 1000, Sandstone, Minnesota 55072, Pro Se.

Lisa D. Kirkpatrick, United States Attorney's Office, 300 S 4th Street, Suite 600, Minneapolis, Minnesota 55415, on behalf of Respondent.

SUSAN RICHARD NELSON, United States District Judge

## I. INTRODUCTION

This matter comes before the undersigned United States District Judge upon Petitioner Robert Hugh Wilson's Objection [Doc. No. 5] to United States Magistrate Judge Katherine Menendez's Report and Recommendation ("R&R") dated August 27, 2019 [Doc. No. 4]. Magistrate Judge Menendez recommended that Wilson's 28 U.S.C. § 2241 Petition for a Writ of Habeas Corpus [Doc. No. 1] be dismissed without prejudice for lack of jurisdiction. Magistrate Judge Menendez also recommended that Wilson's application to proceed *in forma pauperis* [Doc. No. 2] be denied in turn, given her recommendation for dismissal of the Petition.

For the reasons set forth herein, the Court overrules Wilson's Objection, adopts the R&R in its entirety, and dismisses this action without prejudice.

## II. BACKGROUND

In May of 2015, Petitioner pleaded guilty to one count of conspiracy to distribute methamphetamine. *See* R&R at 1.[1] He was sentenced to 124 months in prison followed by five years of supervised release, pursuant to 21 U.S.C. § 841(b)(1)(A). *Id.* A conviction under 21 U.S.C. § 841(b)(1)(A) carries a mandatory minimum term of imprisonment of ten years and a maximum term of imprisonment of life. The statute further states, in pertinent part, "Notwithstanding section 3583 of Title 18, any sentence under this subparagraph shall… impose a term of supervised release of at least 5 years in addition to such term of imprisonment." *Id.* Petitioner is currently serving his term of imprisonment at the Federal Correctional Institution at Sandstone, Minnesota. R&R at 1.

### A. Wilson's Petition for a Writ of Habeas Corpus

Wilson filed the instant Petition for a Writ of Habeas Corpus on July 23, 2019. *See* Doc. No. 1. In the Petition, Wilson challenges the validity of the imposition of the term of supervised release imposed at sentencing, citing *United States v. Haymond*, 139 S. Ct. 2369 (2019), arguing that his supervised release sentence should be executed immediately to avoid "constitutional issues." *Id.* Wilson argues that the *Haymond* decision established a new rule of law relating to 18 U.S.C. § 3583(a) and 18 U.S.C. § 3583(e)(3), the

---

[1] The facts set forth in the R&R have not been disputed. The Court will therefore make reference only to the R&R, rather than the underlying record.

statutory provisions governing the imposition and revocation of supervised release, respectively. *Id.* at 2. He understood the Supreme Court's interpretation of these statutory provisions to require that supervised release and re-imprisonment following revocation be imposed as part of the maximum imprisonment authorized by statute for the initial conviction. *Id.*

B.     **The Report and Recommendation**

In accordance with 28 U.S.C. § 636 and the local rules of this Court, Wilson's Petition was referred to a magistrate judge for a report and recommendation. *See* 28 U.S.C. § 636; D. Minn. LR 72.1. Magistrate Judge Menendez reviewed the Petition and recommended that it be denied without prejudice for lack of jurisdiction. R&R at 6.

Magistrate Judge Menendez found the Petition to be premature because Mr. Wilson's supervised release has not been revoked and may never be revoked. Magistrate Judge Menendez correctly noted that the federal habeas statute requires that a person be "in custody in violation of the Constitution or laws or treaties of the United States" in order for the United States district courts to have jurisdiction to entertain a petition for a writ of habeas corpus on their behalf. R&R at 4; 28 U.S.C. § 2241(c)(3). Although circumstances may exist in which an individual may challenge future custody that is likely to occur, *see Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488-89 (1973), the magistrate judge clarified that " 'the entirely speculative possibility of a future charge for a future violation' is insufficient to satisfy the federal habeas statute's 'in custody' requirement." R&R at 5 (quoting *Vega v. Schneiderman*, 861

3

F.3d 72, 75 (2d Cir. 2017).

Wilson timely filed objections to the R&R, triggering this *de novo* review.

## III. DISCUSSION

### A. Standard of Review

This Court shall review *de novo* any portion of the magistrate judge's report and recommendation to which an objection is made. 28 U.S.C. § 636(b)(1); *accord* D. Minn. L.R. 72.2(b). This Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

### B. Petitioner's Objection

After receiving Magistrate Judge Menendez's R&R, Wilson sought to clarify his position via his Objection. He asserts that he is not questioning the validity of a potential future revocation under *Haymond*. Obj. at 1. He submits instead that he is challenging the imposition of his current term of supervised release under the Supreme Court's reasoning in *Haymond*. *Id.* Wilson contends that the reasoning in *Haymond* contradicts *Johnson v. United States*, 529 U.S. 694 (2000). *Id.* He argues that the "District Court must (execute) my supervise [sic] release term to reduce my imposed 125 months' imprisonment by the number of years of supervise [sic] release so I may be released early to start serving my supervise [sic] release . . ." to avoid Fifth and Sixth Amendment issues.

Wilson misunderstands the *Haymond* decision and incorrectly argues that it is inconsistent with the Supreme Court's *Johnson* decision. Nothing in those cases requires this Court to reduce Wilson's sentence of incarceration by the number of months imposed on supervised release. Magistrate Judge Menendez is correct to find that Wilson's Petition is premature. Although Wilson insists that his position does not rest upon potential revocation of his supervised release, his argument suggests otherwise. Wilson asserts that "a supervise[d] release revocation proceeding can only avoid the Fifth and Sixth Amendment requirements if the supervise[d] release imposed was (executed) as part of the 12[4] months imposed on petitioner[,] reducing petitioner['s] actual years he will serve in prison [by] the remaining years on supervise[d] release." *Id.* at 5.

Magistrate Judge Menendez correctly noted that, pursuant to the federal habeas statute, a United States district court has jurisdiction to entertain petitions for a writ of habeas corpus only from individuals who are "in custody for violation of the Constitution or laws or treaties of the United States." R&R at 4; 28 U.S.C. § 2241(c)(3). The "entirely speculative possibility" of a future violation resulting in a future charge does not satisfy the federal habeas statute's "in custody" requirement. Magistrate Judge Menendez is correct to find that there is no reason now to believe that Wilson in the future will be in custody as a result of a revocation of his supervised release. Thus, Wilson's Petition is premature.

## IV. CONCLUSION

Based on the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Petitioner's Objection to the Magistrate Judge's August 27, 2019 Report and Recommendation [Doc. No. 5] is **OVERRULED**;

2. The Court **ADOPTS** the Magistrate Judge's Report and Recommendation [Doc. No. 4] in its entirety;

3. This action is **DISMISSED** without prejudice; and

4. Petitioner's application to proceed *in forma pauperis* [Doc. No. 2] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 26, 2019

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge